UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:23-CR-00022-LEW |
| | ) | |
| **CHRISTOPHER MEZA**, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON MOTION TO DISMISS

Defendant Christopher Meza stands charged in a five-count indictment with interstate criminal acts involving a minor. The matter is before the Court on Defendant's Motion to Dismiss (ECF No. 28) based on double jeopardy and lack of venue.

**A. Double Jeopardy**

In October of 2022, Defendant was tried before a military tribunal and acquitted of the offense of rape and sexual assault of a child, UCMJ Art. 120b. Defendant contends that it would be a violation of double jeopardy for the United States to subject him to further prosecution on federal charges of enticement of minor in violation of 18 U.S.C. § 2422(b) (Count 1) and transportation of a minor in violation of 18 U.S.C. § 2423(a) (Counts 4 and 5).

"[T]he Double Jeopardy Clause protects against multiple punishments for the same offense." *United States v. Patel*, 370 F.3d 108, 114 (1st Cir. 2004). "Successive prosecutions even by the same sovereign do not violate double jeopardy principles if the

second prosecution involved substantively different offenses." *United States v. Perez-Perez*, 72 F.3d 224, 226 (1st Cir. 1995).

Because Counts 1, 4, and 5 charge offenses that are substantively different offenses than the object offense tried before the military tribunal the Double Jeopardy Clause is not violated by this prosecution. By criminalizing interstate enticement and transportation of minors to engage in sexual activity, Congress prohibited conduct distinct from and did not condition conviction on the actual occurrence of a sexual encounter with a minor, thereby authorizing punishment for such conduct even if the course of conduct also resulted in rape or sexual assault charges for which the defendant might separately have been punished. Given this legislative objective the Double Jeopardy Clause is not offended.[1] *Id.* Moreover, the object offense prosecuted before the military tribunal and the offenses charged in this matter require proof of different facts, which would in any event satisfy the standard set out in *Blockburger v. United States*, 284 U.S. 299, 304 (1932).[2]

## B. Venue

Defendant argues that because he was not located in Maine when he communicated with the alleged Maine-resident victim he cannot be prosecuted in Maine for alleged enticement or transportation, citing U.S. Const. art. III, § 2, cl. 3 and Fed. R. Crim. P. 18. However, venue is appropriate in Maine pursuant to 18 U.S.C. § 3237(a), which provides that except where elsewhere established, "any offense against the United States begun in

---

[1] Although the indictment names certain object offenses when reciting the charges, it does not charge any of the supposed object offenses.

[2] The statutory requirements of interstate enticement and transportation do not merely describe jurisdictional hooks; they also describe conduct required for conviction.

one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." Interstate enticement of a minor by definition is committed in more than one district (i.e., both the district of origin and the destination district of the enticing communication). Similarly, interstate transportation of a minor will necessarily be committed in at least two districts. Thus, one of the districts with venue will be the district in which the minor receives enticing communications and from which the minor is initially transported. For these reasons, Defendant's venue challenge is unpersuasive.

## CONCLUSION

Defendant's Motion to Dismiss is DENIED.

**SO ORDERED.**

**Dated this 22nd day of August, 2023**

                                                /s/ Lance E. Walker
                                                UNITED STATES DISTRICT JUDGE