UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:23-cr-00022-LEW |
| | ) | |
| CHRISTOPHER MEZA, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S MOTION IN LIMINE

Defendant Christopher Meza has filed a Motion in Limine (ECF No. 69), seeking an order excluding Government Exhibits 6, 10, and 10s1–10s54, which have Discord messages, from trial. Meza argues that these exhibits should be excluded because they are irrelevant. Alternatively, Meza contends that these exhibits should be excluded under Federal Rule of Evidence 403.

For the reasons below, Meza's Motion in Limine is DENIED.

### BACKGROUND

The exhibits at issue consist of messages on Discord, an instant messaging platform, between March and August of 2021.[1] These messages are purportedly between Meza and the alleged victim, a minor. Throughout these messages, two individuals discuss the videogame *Fortnite*. They also repeatedly engage in roleplaying by sending each other sexually explicit messages. The individuals also discuss their plan for the alleged victim

---

[1] The records for Government Exhibit 10 come from Government Exhibit 6, which is a disc. Government Exhibit 6 has other evidence, and Meza seeks to exclude only the portions of Government Exhibit 6 that contain the Discord messages. Government Exhibits 10s1–s54 are excerpts from Government Exhibit 10.

1

to run away with Meza and live with him. They further discuss having sex when they are together.

## DISCUSSION

Meza argues that the exhibits at issue are irrelevant; alternatively, he claims that they should be excluded under Federal Rule of Evidence 403.

**A. Relevance**

In arguing that the messages are irrelevant, Meza characterizes the messages as an extension of the individuals engaging in roleplaying throughout 2021. Meza contends that these messages do not bear on the face-to-face interactions between the parties months later. Thus, says Meza, the passage of time and the messages' focus on *Fortnite* makes them irrelevant to the crimes charged. The Government refutes this, arguing that the messages are relevant.

All evidence must be relevant to be admissible. *See* Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevancy is not assessed in a vacuum—it is gauged 'in light of the underlying substantive law.'" *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010) (quoting *Roy v. Austin Co.*, 194 F.3d 840, 843 (7th Cir. 1999)). This "definition of relevance is quite expansive" since evidence "need not definitively resolve a key issue in the case." *Id.* Rather, evidence "need only move the inquiry forward to some degree." *Id.*

Meza's relevancy argument for excluding the messages is flawed.[2] While Meza correctly observes that some of the messages concern nonsensical exchanges about *Fortnite* and other topics, many of the messages are relevant to the various crimes charged. For example, a conviction for enticement of a minor requires the Government to prove beyond a reasonable doubt that Meza did (or attempted to do) the following between February 2021 and December 2021: (1) Meza knowingly persuaded, induced, enticed, or coerced the person in question to engage in sexual activity; (2) that he did so through a facility or means of interstate or foreign commerce; (3) that the person at the time was less than eighteen-years old; and (4) that the sexual activity was a criminal offense. *See* 18 U.S.C. § 2422(b). Based on the messages purportedly demonstrating that Meza told the alleged victim that he would drive them away, engage in sexual intercourse, and take care of them, the messages are relevant to whether Meza violated § 2422(b). *See* Gov't Ex. 10s31 at 5 (discussing the plan for Meza to pick up the alleged victim); Gov't Ex. 10s30 at 1 ("[W]e **will** get married eventually."); *id.* at 3 ("I am essentially becoming your new guardian."); *id.* at 4 ("[Y]our freedoms are going to expand beyond belief."). The Government's response thoroughly explains how the messages are relevant in other respects. Meza's argument that the messages are not probative since they are not temporally proximate to the subsequent in-person interactions between the individuals goes

---

[2] Meza also argues that the messages are inadmissible prior bad acts under Federal Rule of Evidence 404(b). Rule 404(b)(1) bars evidence of a crime, wrong, or act from being used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence is, however, admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Meza argues that the messages lack the "special relevance" required by Rule 404(b)(2). I do not see how these messages are prior bad acts, so I do not address this argument in detail.

to the weight of the messages rather than to their admissibility. The Government also correctly notes that these earlier messages provide important context to other evidence.

**B. Rule 403**

Alternatively, Meza argues that the messages should be excluded under Federal Rule of Evidence 403. Under the Rule, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "By design, all evidence is meant to be prejudicial [to the opposing party]; it is only *unfair* prejudice which must be avoided." *United States v. Rodriguez-Estrada*, 877 F.2d 153, 156 (1st Cir. 1989). Evidence is generally unfairly prejudicial if it "invites the jury to render a verdict on an improper emotional basis." *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000).

Meza argues that the messages are so inextricably intertwined with fantastical exchanges that exclusion of the messages is justified under Rule 403. The Government disagrees with this characterization and argues that the messages are admissible given their probative value.

Exclusion of the messages is not warranted under Rule 403. The messages would not be unfairly prejudicial to Meza. I acknowledge that many of the messages between the individuals could be disturbing to the jury, and in that manner prejudicial to Meza, but that does not make the messages *unfairly* prejudicial, especially when the messages are directly relevant to elements of the various crimes charged. *See Old Chief v. United States*, 519

4

U.S. 172, 180 (1997) (explaining that unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged").  Thus, I conclude that the probative value of the messages is not substantially outweighed by the danger of unfair prejudice.  I do not believe that admission of these messages would result in the jury confusing the issues or being misled.  Lastly, Meza's argument that these messages would result in a needless presentation of cumulative evidence can be pursued further during the Government's case-in-chief.  Responding to this concern, the Government has indicated that it intends to offer Government Exhibit 10 into evidence in its entirety and publish selections from Government Exhibits 10s1–10s54 to the jury.

## CONCLUSION

For these reasons, Meza's Motion in Limine (ECF No. 69) is **DENIED**.

**SO ORDERED.**

Dated this 26th day of October, 2023.

                                                  /s/ Lance E. Walker
                                          UNITED STATES DISTRICT JUDGE